**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL BERKOWITZ | : | |
| Plaintiff, | : | Civil Action No. |
| v. | : | |
| CHRIS'S STUFF, INC. | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

**VERIFIED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Daniel Berkowitz (hereinafter "Berkowitz" or "Plaintiff"), for his Complaint against Defendant Chris's Stuff, Inc. (hereinafter "Chris's Stuff" or "Defendant") alleges on knowledge as to his own acts and otherwise on information and belief as follows:

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1-390.

**The Parties**

2. Plaintiff Daniel Berkowitz is an individual who resides in the Commonwealth of Pennsylvania, at 420 Heatherwood Lane, Devon, Pennsylvania 19333.

3. Upon information and belief, Defendant Chris's Stuff is a California corporation with an address at 12914 Venice Blvd., Los Angeles, California 90066.

**Jurisdiction and Venue**

4. This Court has jurisdiction over the claims Plaintiff is asserting under 28 U.S.C. §§ 1331 and 1338(a).

5. Personal jurisdiction exists generally over Defendant because Defendant has and continues to maintain sufficient minimum contacts with the forum as a result of business regularly conducted with the Commonwealth of Pennsylvania. Personal jurisdiction also specifically exists over Defendant as a result of, at least, Defendant's distribution network wherein Defendant, individually and/or collectively, placed instrumentalities that practice, sell, or offer for sale the claimed invention of Design Patent No. D679,092, owned by the Plaintiff, within the stream of commerce, which stream is directed at this district, and by committing the tort of patent infringement within the United States District for the Eastern District of Pennsylvania.

6. Venue is proper in this Court under 28 U.S.C. § 1391 as well as 28 U.S.C. § 1400(b).

**FACTS**

7. On January 28, 2011, United States Design Patent Application No. 29/372,883 ("the `883 application") entitled "BOTTLE CARRIER" was filed by Plaintiff, Mr. Berkowitz.

8. On April 2, 2013, the `883 application was issued to Plaintiff by the United States Patent and Trademark Office as United States Design Patent No.: D679,092 ("`the `092 patent). Exhibit 1 hereto is a true and correct copy of Mr. Berkowitz's U.S. Patent D679,092.

9. The `092 patent is directed to an ornamental design for a bottle carrier for which the design is reproduced below:

FIG 11

10. The design of the `092 patent provides coverage for a bottle carrier without regard to the type of clasp used, as Figs. 11-19 of the patent depict a bottle carrier with the clasp shown in broke-line representation. (See Exhibit 1)

11. Plaintiff, Mr. Berkowitz, is the president of Spectrum Imports, Inc. ("Spectrum") which is a corporation of the Commonwealth of Pennsylvania, with a business located at 901 S. Bolmar Street, West Chester, Pennsylvania 19382.

12. Spectrum is a wholesale distributor of coolers, picnic backpacks, picnic baskets, wine carriers, barbecue tool sets, portable outdoor furniture, and other related items. Spectrum, with the permission of Mr. Berkowitz, makes, sells and offers for sale, bottle carriers embodying the design of the `092 patent. Spectrum markets and sells products under its PICNIC PLUS® brand. (See pages 60-62 of Spectrum's 2013 catalog which are attached hereto as Exhibit 2)

13. Upon information and belief, Defendant Chris's Stuff is a distributor of wine designed merchandise for wine enthusiasts.

14. Defendant Chris's Stuff has no authority to make, use, offer to sell, sell, or import in the United States a bottle carrier having a design that is protected by the `092 patent.

15. Chris's Stuff has infringed the `092 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, or selling within the United States; or importing into the United States, a bottle carrier embodying the design of the `092 patent.

16. Exhibit 3 attached hereto is an excerpt from Chris's Stuff 2013 catalog.

17. Exhibit 3, page 19, depicts one of Defendant Chris's Stuff's infringing bottle carriers:

18. Defendant Chris's Stuff operates a web site at www.chrisstuff.com.

19. The Chris's Stuff web site, www.chrisstuff.com, allows purchasers to purchase products directly from the web site.

20. Exhibit 4 hereto is a printout from Chris's Stuff web site, www.chrisstuff.com, displaying the bottle carriers.

21. Chris's Stuff sells or has sold, or has offered for sale, or is offering for sale infringing bottle carriers depicted in Exhibit 3, page 19, to residents of the Commonwealth of Pennsylvania.

22. Chris's Stuff has regularly attended and attends trade shows located in the Commonwealth of Pennsylvania, including in this judicial district.

23. Chris's Stuff has operated a booth at trade shows located in the Commonwealth of Pennsylvania, including in this judicial district where it advertises, promotes and solicits order for products including wine related accessories.

24. Chris's Stuff attended the 2008 Wineries Unlimited trade show held in Valley Forge, Pennsylvania, where it advertised, promoted and solicited orders for products including wine related accessories.

25. The Eastern Winery Exposition held in Lancaster, Pennsylvania is a trade show and conference featuring a large number of wineries and vineyard suppliers.

26. Chris's Stuff has attended the annual Eastern Winery Exposition held in Lancaster, Pennsylvania, every year, since and including at least 2012.

27. Chris's Stuff has operated a booth at the annual Eastern Winery Exposition held in Lancaster, Pennsylvania in 2012 and 2013.

28. Chris's Stuff operated a booth at the 2013 Eastern Winery Exposition held in Lancaster, Pennsylvania.

29. Chris's Stuff has purchased a booth for the 2014 Eastern Winery Exposition held in Lancaster, Pennsylvania.

30. Chris's Stuff president, Chris Murphy, serves on and is a member of the Exhibitor Advisory Board for the Eastern Winery Exposition held in Lancaster, Pennsylvania.

31. On information and belief, Chris's Stuff advertises, and sells or offers for sale products, including the bottle carriers depicted in Exhibit 3, page 19, at the Eastern Winery Exposition held in Lancaster, Pennsylvania.

32. On information and belief, Chris's Stuff took orders for bottle carries depicted in Exhibit 3, page 19, at the Eastern Winery Exposition held in Lancaster, Pennsylvania (in March 2013, shortly before the patent issued), and planned to distribute and/or sell the bottle carriers in violation of the patent rights.

33. Chris's Stuff infringement will continue unless enjoined by the Court.

34. In contravention to 35 U.S.C. §§ 271(a)(b) and (c), Defendant has and/or is infringing and/or has and/or is willfully and deliberately infringing the `092 patent by making, using selling, and/or offering to sell, and/or importing into the United States, and/or inducing

others to make, use, sell, and/or offer to sell products that embody the design of the `092 patent. Such acts of infringement have occurred and continue to occur without the authority or license of Plaintiff.

35. Plaintiff has and is being damaged and will continue to be damaged by the infringing activities of Defendant complained of herein.

**Prayer For Relief**

Wherefore, Plaintiff prays for judgment against Defendant as follows:

A. That the `092 patent has been infringed by Defendant and/or others to whose infringement has been contributed to by Defendant and/or by others whose infringement has been induced by Defendant;

B. That, pursuant to 35 U.S.C. § 283, preliminary and final injunctions be issued enjoining Defendant, any of its officers, agents, servants, employees and all those persons in active concert or participation with them from further infringement of the `092 patent;

C. That, pursuant to 35 U.S.C. § 284, Defendant account for damages for all past infringement, including treble damages because of the willful nature of such infringement;

D. That Plaintiff be granted pre-judgment and post judgment interest at the maximum rate allowable by law on the damages caused by reason of Defendant's infringing activities complained herein;

E. That, pursuant to 35 U.S.C. § 285, Plaintiff be awarded costs and attorney's fees incurred in connection with this action; and

F. That Plaintiff be granted such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

Date: April 10, 2013

By: */s/ Frank J. Bonini, Jr.*

John F. A. Earley, III (PA 38,839)
jackearley@hardingearley.com
Frank J. Bonini, Jr. (PA 59,394)
fbonini@hardingearley.com
HARDING, EARLEY, FOLLMER & FRAILEY, P.C.
86 The Commons at Valley Forge East
1288 Valley Forge Road
P.O. Box 750
Valley Forge, PA 19482-0750
Telephone: (610) 935-2300
Facsimile: (610) 935-0600
*Attorneys for Daniel Berkowitz*

**VERIFICATION**

I, Daniel Berkowitz, declare as follows:

1. I have personal knowledge of the facts set out in the foregoing Complaint, and if called upon to testify I would competently testify as to the matters stated herein.

2. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint are true and correct to the best of my knowledge, and are based upon information obtained during the investigation of this matter.

Executed on April, 10, 2013.

Daniel Berkowitz